UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 15-00965-AB (Ex) | Date: | July 23, 2015 |
|---|---|---|---|

| Title: | *Donald A. Trepany v. Deutsche Bank National Trust Co., et al.* |
|---|---|

Present: The Honorable    ANDRÉ BIROTTE JR.

|  Carla Badirian  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter  |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**      **[In Chambers] Order GRANTING Defendants' Motion to Dismiss (Dkt. No. 17)**

Pending before the Court is Deutsche Bank National Trust Company, as Trustee for IndyMac Indx Mortgage Loan Trust 2006-AR29; OneWest Bank, FSB; and Ocwen Loan Servicing, LLC's (collectively "Defendants") motion to dismiss Plaintiff Donald A. Trepany's first amended complaint.  (Dkt. No. 17.)   Plaintiff filed an opposition brief (Dkt. No. 21), and Defendant filed a reply brief.  (Dkt. No. 22.)   On July 17, 2015, the Court deemed this matter appropriate for decision without oral argument, and the matter was taken under submission.  (Dkt. No. 25.)   Having considered the materials submitted, and for the reasons indicated below, the Court **GRANTS** Defendants' motion to dismiss.  Plaintiff's first cause of action is dismissed <u>with prejudice</u>.  Plaintiff's second through and sixth causes of action are dismissed <u>without prejudice</u>.

## I.       FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's allegations are as follows.   On August 21, 2006, Plaintiff took out a loan for $664,000.00 and executed a note in favor of PHH Home Loans LLC dba First Capital ("First Capital") for the purchase of the real property located at 6077 West 75th Place, Los Angeles, CA 90045 ("Subject Property").   (Dkt. No. 18 ("RJN"), Ex. 1; Dkt. No. 7, First Am. Compl. ("FAC"), ¶ 18.)   Plaintiff also executed a deed of trust, which secured the loan and encumbered the property, in favor of Fidelity National Title Company ("Fidelity National") as trustee.   (*Id.*)

On August 29, 2006, First Capital recorded an Assignment of Deed of Trust, assigning the beneficial interest on Plaintiff's loan to Mortgage Electronic Registration Systems, Inc. ("MERS").   (RJN, Ex. 2; FAC, ¶ 19.)   On January 30, 2013, MERS recorded an Assignment of Deed of Trust, assigning the beneficial interest of Plaintiff's loan from MERS to Deutsche Bank National Trust Company, as Trustee for IndyMac Indx Mortgage Loan Trust 2006-AR29 ("Deutsche Bank").   (RJN, Ex. 3; FAC, ¶¶ 13, 20.)   On April 10, 2013, Deutsche Bank and Onewest recorded a Substitution of Trustee, substituting Aztec Foreclosure Corporation as the foreclosure trustee for Plaintiff's deed of trust.   (RJN, Ex. 4; FAC, ¶ 27.)   No Substitution of Trustee was filed substituting Aztec Foreclosure Corporation (or any other entity) in lieu of Fidelity National, and Plaintiff asserts that Fidelity was and remains the only legal beneficiary of the deed of trust.   (*Id.* at ¶ 39.)   On November 10, 2014, Deutsche Bank and Ocwen Loan Servicing, LLC ("Ocwen") – the mortgage servicer for Plaintiff's loan – recorded another Substitution of Trustee, substituting Western Progressive LLC as the foreclosure trustee for Plaintiff's deed of trust.   (RJN, 5; FAC, ¶¶ 14, 28.)

As of November 15, 2014, Plaintiff had past due payments plus permitted costs and expenses in the amount of $144,679.57.   (RJN, Ex. 6, p. 2.)   On November 26, 2014, Ocwen recorded a Notice of Default ("NOD").   (RJN, Ex. 6; FAC ¶ 29.)   Ocwen attached to the NOD a declaration that it complied with the due diligence requirements provided under California Civil Code section 2923.55(f), but nonetheless it was unable to contact Plaintiff to discuss foreclosure avoidance options with him and provide him with the required disclosures.   (RJN, Ex. 6, p. 5; FAC, ¶ 35.)   Plaintiff asserts that Ocwen did <u>not</u> comply with the due diligence requirements of section 2923.55(f) "prior to 30 days before recording the Notice of Default, as this statute requires," and "although [] Ocwen had the ability to, and could have provided the statutorily required information to Plaintiff, it did not."   (FAC, ¶¶ 36-37.)   On April 13, 2014, a Notice of Trustee's Sale was recorded, informing Plaintiff that he was in default, that his property may be sold at a public sale, and that the amount of unpaid balance and other charges on the Subject Property was $784,200.08.   (RJN, Ex. 7, p. 2.)

On February 10, 2015, Plaintiff, as *pro se* attorney of record, filed an initial complaint against Deutsche Bank and others, alleging various causes of action related to his mortgage and the recorded notice of default.   (Dkt. No. 1.)   Plaintiff then retained private counsel, and on April 13, 2015, Plaintiff filed a first amended complaint against Defendants alleging claims for violations of the Homeowners' Bill of Rights ("HBOR"), namely California Civil Code §§ 2924(a)(6), 2924.17(b), and 2923.55; slander of title; negligence and negligence per se; and violations of the California unfair competition law ("UCL").   (*See generally* FAC.)

On May 12, 2015, Plaintiff filed an *ex parte* application for a temporary restraining order ("TRO") and an order to show cause re preliminary injunction to enjoin the May 18, 2015 foreclosure sale of the Subject Property.   (Dkt. No. 12.)   On May 13, 2015, the Court denied Plaintiff's *ex parte* application for a TRO on the grounds that Plaintiff failed to establish a likelihood of success on the merits or that the balance of hardships tipped sharply in his favor.  (Dkt. No. 13.)   Pending before this Court is Defendants' motion to dismiss Plaintiff's first amended complaint.   (Dkt. No. 17.)   Plaintiff filed an opposition brief (Dkt. No. 22), and Defendants filed a reply brief.   (Dkt. No. 23.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   While Rule 8 does not require "detailed factual allegations," it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint,"   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but is "not bound to accept as true a legal conclusion couched as a factual allegation."   *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).   To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Id.*   A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."   *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *accord Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'").

## III.   DISCUSSION

### A. Judicial Notice is Proper

Defendants ask the Court to take judicial notice of seven documents: (1) a Deed of Trust recorded on August 29, 2006; (2) an Assignment of Deed of Trust recorded on August 29, 2006; (3) a California Assignment of Deed of Trust recorded January 30, 2013; (4) a Substitution of Trustee recorded on April 10, 2013; (5) a Substitution of Trustee recorded on November 10, 2014; (6) a Notice of Default and Election to Sell Under Deed of Trust recorded November 26, 2014; and (7) a Notice of Trustee's Sale recorded on April 13, 2015.   (RJN, Ex. 1-7.)   Plaintiff does not oppose the request for judicial notice of these documents.

Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.   *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment."   *United States v. Ritchie*, 342 F.3d at 907.   But "[u]nder the 'incorporation by reference' doctrine in this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment" under certain circumstances.   *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotes omitted).   Specifically, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."   *United States v. Ritchie*, 342 F.3d at 908; s*ee e.g.*, *Lynch v. RKS Mortgage, Inc.*, 588 F. Supp. 2d 1254, 1256 n. 2 (E.D.Cal.2008) (granting defendant banks' request for judicial notice of loan documents when plaintiff homeowner had not challenged the documents' authenticity and had referred to them throughout his complaint).   A court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."   *Id*.   Additionally, judicial notice may be taken of a fact "not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."   Fed. R. Evid. 201.   As such, a court may take judicial notice of matters of public record.   *See e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006) (taking judicial notice of documents on file with the City Clerk of the City of Santa Monica and those accessible on Santa Monica's official website).

In his First Amended Complaint, Plaintiff refers to the first six documents and relies on them extensively as the basis for all of his claims.   (FAC, ¶¶ 18-29.)   While Plaintiff does not refer specifically to the Notice of Trustee's Sale document, he does refer to a "trustee's sale," the "power of sale," and the "sale of the Subject Property." (*Id.*

at ¶¶ 34, 38, 41, 53, 59.)   The referenced "sale" is documented in the Notice of Trustee's Sale.   (RJN, Ex. 7.)   Each document was recorded in the Los Angeles County Recorder's Office.   (RJN, Ex. 1-7.)   Because judicial notice may be taken of public records, s*ee Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001), and Plaintiff has extensively referred to these documents in his operative complaint, Defendants' unopposed request for judicial notice is **GRANTED**.

## B. Wrongful Foreclosure (First Cause of Action)

Plaintiff alleges that, pursuant to California Civil Code section 2924, Defendants were precluded from initiating the foreclosure process because they were not the holder of the beneficial interest under the deed of trust, the original or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. (FAC, ¶ 47.)   Specifically, Plaintiff alleges that the 2013 and 2014 deed of trust assignments and substitutions are void because they occurred in contravention to the governing Pooling Servicing Agreement ("PSA").   (FAC, ¶ 23.)   The PSA provided that the deadline to transfer mortgage loans into the Trust was September 28, 2006. (*Id.*)   Plaintiff argues that because the assignments and substitutions were executed passed this deadline, they are void.   (*Id.* at 26.)

Under California Civil Code section 2924, "[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest."   Cal. Civ. Code § 2924(6).   However, the Note and Deed of Trust may be assigned to third-parties without changing Plaintiff's fundamental duty to repay the loan.   Cal. Civ. Code § 2934.

Defendants contend that no cause of action exists to challenge their authority to foreclose on the Subject Property.   Defendants rely on *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 121 Cal. Rptr. 3d 819 (2011).   In *Gomes*, the plaintiff alleged that the entity that initiated the nonjudicial foreclosure process did not have authority to do so because (1) the entity was not the owner of the promissory note that was secured by the deed of trust, and (2) the entity was not an authorized agent of the owner of the promissory note.   *Id*. at 1152.   The court rejected the plaintiff's argument, holding that nothing in California's statutory scheme governing the nonjudicial foreclosure process allows such a preemptive action, and allowing a trustor-debtor to pursue such an action, absent a "*specific factual basis* for alleging that the foreclosure was not initiated by the correct party," would unnecessarily require the courts to interject into an otherwise comprehensive nonjudicial scheme.   *Id*. at 1154-56 (citing three federal district court cases where the courts held that the plaintiff did identify a sufficient factual basis).

Plaintiff argues that he has alleged a sufficient factual basis for why the foreclosing party lacks the requisite authority – *i.e.*, the 2013 and 2014 deed of trust assignments and substitutions occurred in violation of the governing PSA's deadline to transfer Plaintiff's loan – and therefore *Gomes* does not apply.   (Dkt. No. 21, p. 7.)   Even assuming this was a sufficient factual basis to allow Plaintiff to bring a cause of action challenging Defendants' authority to foreclose on the Subject Property,[1] Plaintiff still fails to state a claim for wrongful foreclosure because he lacks standing to challenge the alleged flaws in the securitization of the loan, including the PSA, because he is not an investor of the loan. (Dkt. No. 17, p. 6.)   A majority of California courts (including federal courts applying California state foreclosure law) have held that a plaintiff lacks standing to challenge a securitization that is noncompliant with a PSA where the plaintiff is not a party or a third-party beneficiary to the PSA.   *See, e.g.*, *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 156 Cal. Rptr. 3d 912 (2013) (affirming the superior court's sustaining of defendant's demurrer with prejudice, and holding that the plaintiff lacked standing to enforce provisions of a pooling and servicing agreement); *Dahnken v. Wells Fargo Bank, N.A.*, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) (recognizing the majority position as that "plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA"); *Newman v. Bank of N.Y. Mellon,* 2013 U.S. Dist. LEXIS 52487, *8, 2013 WL 1499490 (E.D. Cal. Apr. 11, 2013) ("A majority of district courts have held that mortgagees like Newman who are not parties to a PSA do not have standing to raise violations of a PSA or to otherwise bring claims on the basis that a PSA was violated."); *Armeni v. America's Wholesale Lender*, 2012 WL 253967, at *2 (C.D. Cal. Jan. 25, 2012) (granting defendant's motion to dismiss and dismissing with prejudice plaintiff's claims that the foreclosure was conducted in violation of a trust agreement on the grounds that the plaintiff, who was not a party to the agreement, lacked standing to challenge such an agreement); *Bascos v. Federal Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust.").

The majority position regarding standing makes sense.   Here, as in most mortgage-foreclosure cases, the Plaintiff's claimed injury is the impending foreclosure sale.   When that happens (if it has not already happened), the foreclosure sale will have occurred as a result of Plaintiff's default on his loan, and Plaintiff's default would have occurred regardless of what entity assigned and/or substituted the deed of trust and when the assignments and substitutions were effected (whether before or after the PSA deadline for doing so).   Even if the 2013 and 2014 deed of trust assignments and substitutions

---

[1] The Court makes no finding on that issue, one way or another.

were invalid, Plaintiff "is not the victim of such invalid transfers because [his] obligations under the note remained unchanged." *Apostol v. CitiMortgage, Inc.*, No. 13-CV-01983-WHO, 2013 WL 6328256, at *6 (N.D. Cal. Nov. 21, 2013). Additionally, to recover on wrongful foreclosure claim, a borrower must demonstrate that the alleged imperfection in the foreclosure process was prejudicial. *See, e.g.*, *Siliga v. Mortg. Elec. Reg. Sys., Inc.*, 219 Cal. App. 4th 75, 87, 161 Cal. Rptr. 3d 500 (2013) ("Absent any prejudice, the [plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment."). However, no prejudice exists where a borrower was in default and the assignment of the loan did not interfere with the borrower's ability to pay. *See, e.g.*, *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272, 129 Cal. Rptr. 3d 467 (2011) ("We also note a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests . . . Prejudice is not presumed from 'mere irregularities' in the process."); *Simmons v. Aurora Bank, FSB,* 5:13–CV–00482 HRL, 2013 WL 5508136, *2 (N.D.Cal. Sept. 30, 2013) ("Even if there were some defect in the assignment of the deed of trust, that assignment would not have changed plaintiff's payment obligations."). Plaintiff argues he suffered prejudice because the foreclosure decreases the value and marketability of the Subject Property. (Dkt. No. 21, p. 4.) Plaintiff's argument is unpersuasive. This purported prejudice would have occurred regardless of who held the beneficial interest in the Subject Property because, as stated above, the impending foreclosure is the result of Plaintiff's default. (RJN, Ex. 6, p. 2.) Plaintiff further contends that he has been prejudiced by the broken chain of title which resulted in undefined property boundaries and difficulty for prospective buyers in obtaining title insurance. However, as discussed above, Plaintiff's only challenge to the chain of title stems from the alleged violation of the PSA, which Plaintiff has no standing to challenge.

Plaintiff urges the Court to adopt a minority view adopted by a single California appellate court, *Glaski v. Bank of America, National Association*, 218 Cal. App. 4th 1079, 1097, 160 Cal. Rptr. 3d 449 (2013), which held that alleged violations of the PSA were sufficient to allege a claim that the subsequent transfers of the Deed of Trust were void. (Dkt. No. 21, p. 8.) *Glaski*, however, has been repeatedly criticized by numerous other California appellate courts and federal courts considering the issue. *See Mendoza v. JPMorgan Chase Bank, N.A.*, 228 Cal.App.4th 1020, 1034, 175 Cal. Rptr. 3d 880 (2014) (collecting cases and stating that the Court "can find no state or federal cases to support the *Glaski* analysis and will follow the federal lead in rejecting this minority holding"). As such, the Court decline to adopt this minority view.

Plaintiff's only basis for why the 2013 and 2014 assignments and substitutions are void is that they allegedly violated the PSA. Thus, the Court finds that, consistent with the weight of California and federal court authority on the issue, Plaintiff lacks standing to challenge alleged flaws in the securitization of his loan based on the violation of the PSA.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss the first cause of action. Because Plaintiff could not plausibly allege the necessary standing and prejudice even if given the chance to amend, the Court dismisses the cause of action <u>with prejudice</u>.

### C. Recording Inaccurate Title Documents (Second Cause of Action)

Plaintiff alleges that the Assignment of Deed of Trust, Substitutions of Trustee, and the Notice of Default recorded by Defendant contain false representations on title to the Subject Property in violation of California Civil Code section 2924.17(b).  (FAC, ¶ 50-52.)  Defendants contend that Plaintiff's allegations are conclusory and should be dismissed.   (Dkt. No. 17, p. 8.)

Under Civil Code section 2429.17(b), a mortgage servicer, before recording a notice of default, "shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."   Section 2429.17(b) is designed to prevent "robo-signing," which "occurs when persons sign a document without personal knowledge of the content attested to therein and/or sign the documents without the requisite authority to do so."   *Mann v. Bank of Am., N.A.*, 2014 WL 495617, at *6 (C.D. Cal. Feb. 3, 2014).   California courts routinely dismiss claims based on allegations of robo-signing when irregularities in the signing or assignment of the security interests do not prejudice the borrower.   *See, e.g., Pedersen v. Greenpoint Mortg. Funding, Inc.*, 900 F.Supp.2d 1071, 1083 (E.D. Cal. 2012).   This is because in the case of default, "[t]he foreclosure would occur regardless of what entity was named as trustee, and so [the borrower] suffered no injury" as a result of the robo-signing.   *Javaheri v. JPMorgan Chase Bank*, 2012 WL 3426278, at *6 (C.D. Cal. 2012).

Plaintiff fails to state a cause of action under section 2924.17(b) because he only generally alleges a violation of the code section (*see* FAC, ¶¶ 49-53), and he provides <u>no</u> allegation that permits an inference that Defendants engaged in robo-signing or that such robo-signing prejudiced him.   Additionally, this claim fails because it is based solely on Plaintiff's contention that Defendants have no right to foreclose based on the alleged violation of the PSA.   As indicated above, that argument has already been rejected. Plaintiff thus fails to state a cause of action for violation of Civil Code section 2924.17(b). *See Pugh v. J.P. Morgan Chase Bank, N.A.*, No. 2:13-CV-01141-MCE, 2013 WL 5739147, at *4-5 (E.D. Cal. Oct. 22, 2013) (holding that a claim for violation of section 2924.17 fails because it is based solely on plaintiffs' rejected contention that defendants have no interest or right to foreclose).   Accordingly, Defendants' motion to dismiss Plaintiff's second cause of action is **GRANTED**.   Because it is possible for Plaintiff to allege additional facts that would plausible allege that Defendants engaged in robo-signing and that it caused him prejudice, Plaintiff's second cause of action for violation of section 2927.17 is dismissed <u>without prejudice</u>.

## D. Failure to Explore Foreclosure Avoidance (Third Cause of Action)

Plaintiff contends that Defendants failed to comply with Civil Code section 2923.55 before recording a Notice of Default ("NOD") on title to the Subject Property.  (FAC, ¶ 58.)   Defendants contend that the Declaration of Compliance on the NOD satisfies the due diligence requirements of section 2923.55.   (Dkt. No. 17, p. 8; RJN, Ex. 6, p. 5.)

Civil Code section 2923.55 precludes a trustee from recording a NOD until 30 days after the loan servicer has made initial contact with the borrower to assess the borrower's financial situation, explore options for avoiding foreclosure, and provide additional information, *i.e.*, advise the borrower of the right to request a subsequent meeting and provide the toll-free number made available by the United States Department of Housing and Urban Development ("HUD") to find a HUD-certified housing counseling agency; or until 30 days after the loan servicer has satisfied the due diligence requirements provided under section 2923.55(f).   Due diligence requires sending a letter by first-class mail, making three attempts to contact the borrower by telephone, and sending a certified letter if no response is received within two weeks of the telephone attempts.   Cal. Civ. Code § 2923.55(f).   Section 2923.55 also requires that any NOD include a Declaration of Compliance which states that the mortgage servicer has contacted the borrower, or has complied with the due diligence requirements.

Defendant Ocwen attached to the NOD a declaration that it satisfied the due diligence requirements of section 2923.55(f) but was unable to contact Plaintiff.   (RJN, Ex. 6, p. 5; FAC, ¶ 35.)   Plaintiff alleges that Ocwen did not comply with the due diligence requirements of section 2923.55(f) (FAC, ¶ 36), but his allegations are so generally stated that they fail to state a plausible claim for which relief can be granted.  Plaintiff's FAC provides a detailed account of section 2923.55's notice and due diligence requirements (*see* FAC, ¶¶ 32-34; 55-56), but then states only that although Ocwen had the ability to, and could have provided the statutorily required information to Plaintiff, it did not.   (FAC, ¶ 37.)   Plaintiff echoed these general allegations in his opposition brief.  (Dkt. No. 21, p. 3.)   Plaintiff also argues that, if given leave to amend, he could allege that he would have called HUD if he had known that free counseling was available through HUD.   (Dkt. No. 21, p. 5.)   This however, does not negate the possibility that Defendants attempted to reach Plaintiff by telephone three times or that they sent him a first-class or certified letter in compliance with section 2923.55's requirements.

The Court is persuaded by the fact that other courts, in analogous contexts, have held that a declaration attached to the NOD is sufficient to satisfy a defendant's obligations under California laws that require lenders to contact borrowers.   The declaration is sufficient to establish that Defendants have met their obligations under section 2923.55.   *See, e.g.*, *Kamp v. Aurora Loan Servs.*, 2009 WL 3177636 *2 (C.D. Cal. Oct. 1, 2009) (" [T]he Kamps' claim fails because their conclusory assertions are

contradicted by the notice of default attached as Exhibit A, which includes the declaration required by § 2923.5."); *Juarez v. Wells Fargo Bank, N.A.*, 2009 WL 3806325 *2 (C.D. Cal Nov. 11, 2009) (dismissing § 2923.5 claim with prejudice where declaration was included with the notice of default stating compliance with code section).

Plaintiff has failed to allege that, notwithstanding Defendants' declaration of compliance attached to the NOD, Defendants failed to comply with the requirements of section 2923.5.   Accordingly, Defendants' motion to dismiss Plaintiff's claim for violation of section 2923.55 is **GRANTED**.   Because it is possible for Plaintiff to allege additional facts to state a plausible claim for violation of section 2923.55, Plaintiff's third cause of action is dismissed <u>without prejudice</u>.

### E.  Slander of Title (Fourth Cause of Action)

Plaintiff alleges that the Assignment of Deed of Trust, Substitutions of Trustee, and Notice of Default contain false representations and were recorded with malice or a lack of reasonable grounds to believe in the instruments' truth (FAC, ¶¶ 61-62) and without privilege (*Id.* at ¶ 64).   Defendants contend that Plaintiff has failed to plead any facts to establish any of the elements of slander and that the documents in question are subject to a qualified privilege.   (Dkt. No. 17, p. 6.)

A cause of action for slander of title requires: "(1) a publication, which is (2) *without privilege* or justification, (3) [that is] false, and (4) causes pecuniary loss."   *La Jolla Grp. II v. Bruce*, 211 Cal. App. 4th 461, 149 Cal. Rptr. 3d 716 (2012) (emphasis in original). California's nonjudicial foreclosure statute – codified at Civil Code section 2924, *et seq.* – "deems the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be privileged communications under the qualified common interest privilege of [Civil Code] section 47(c)(1)."   *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 325, 85 Cal. Rptr. 3d 532 (2008).   Privilege applies to "a communication, without malice, to a person interested therein . . . by one who is also interested."   Civil Code § 47(c).   Privileged does not apply to a communication with malice.   *Kachlon*, 168 Cal. App. 4th at 345.

Plaintiff baldly asserts that the documents were not privileged.   (FAC, ¶ 64.) Plaintiff further alleges that the NOD, assignment, and substitutions, are false and were intended to create a false paper trail to allow Defendants to initiate foreclosure procedures even though they lacked authorization to do so.   (Dkt. No. 21, p. 3.)   However, Plaintiff's FAC fails to provide a plausible factual basis as to why these documents are without privilege.   The documents in question were published in accordance with nonjudicial foreclosure proceedings, which are subject to qualified privilege pursuant to Civil Code section 2924, *et seq.*   Consequently, Plaintiff must assert a plausible showing of malice to survive a motion to dismiss.   *Kachlon*, 168 Cal. App. 4th at 345.

Plaintiff's allegations resemble the "conclusions, and formulaic recitation of the elements" that the Supreme Court deemed insufficient to survive a Rule 12(b)(6) challenge.  *See Twombly,* 550 U.S. at 555.  Plaintiff sets forth two reasons to support the plausibility of his allegation that Defendants acted willfully and with malice.  Both reasons fall short.  First, Plaintiff alleges that Defendants purposefully withheld information that they were supposed to offer prior to the filing of the NOD in attempt to make foreclosure avoidance more difficult.  (Dkt. No. 21, p. 10.)  As noted above, Plaintiff has not adequately alleged that Defendants failed to satisfy the due diligence requirements of section 2923.55 prior to recording the NOD, and so Plaintiff cannot rely on this allegation to raise a claim for slander.  Second, Plaintiff alleges that Defendants recorded the documents only to create a false paper trail that would allow Deutsche Bank to appear to have authority to initiate the nonjudicial foreclosure.  (Dkt. No. 17, p. 10.)  As stated above, Plaintiff lacks standing to challenge Defendants' authority to initiate foreclosure proceedings.

Absent a plausible allegation of actual malice, Plaintiff's claim for slander fails. Defendants' Motion to Dismiss Plaintiff's fourth cause of action for slander of title is **GRANTED**.  Because it is possible for Plaintiff to allege facts sufficient to state a cause of action for the violation of section 2923.55, which underlies Plaintiff's cause of action for slander of title, Plaintiff's fourth cause of action is dismissed without prejudice.

## F. Plaintiff's Negligence and Negligence Per Se Claims Fail (Fifth Cause of Action)

Plaintiff's fifth cause of action alleges that Defendants engaged in negligence or negligence per se when they failed to comply with Civil Code sections 2923.55, 2924(a)(6), and 2924.17(b).  (FAC, ¶¶ 68-69.)  Defendants argue that they owed no duty of care to Plaintiff (Dkt. No. 17, p. 10), and Plaintiff has not established any statutory violations or alleged any harm as a result of said violations.  (*Id.*; Dkt. No. 22, p. 5.)

The elements for a cause of action for negligence are well established.  Negligence requires "(1) a *legal duty* to use due care; (2) a *breach* of such legal duty; [and] (3) the breach as the *proximate or legal cause* of the resulting injury."  *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 10 Cal. Rptr. 2d 748 (1992) (emphasis original).  The negligence per se doctrine does not establish a claim for relief distinct from negligence.  *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal. App. 4th 1166, 73 Cal. Rptr. 2d 182 (1998).  ("[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed.").

Plaintiff's negligence claims are entirely predicated on causes of action for violations of Civil Code sections 2923.55, 2924(a)(6), and 2924.17(b).  Because Plaintiff

has failed to allege facts sufficient to raise a plausible claim for relief with respect to any of these code sections, Plaintiff cannot establish a breach of any duty based on his allegations, and his negligence and negligence per se claims must fail.   In any event, "[f]or purposes of a negligence claim . . . a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."   *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 739, 112 Cal. Rptr. 3d 439 (2010) (quoting *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 283 Cal. Rptr. 53 (1991)).   Further, "loan servicers do not owe a duty to the borrowers of the loans they service."   *Pok v. Am. Home Mortgage Servicing, Inc.,* No. 2:09–2385, 2010 WL 476674, at *4 (E.D. Cal. Feb 3, 2010); *see also Watts v. Decision One Mortgage Co.,* No. 09–43 CV 0043, 2009 WL 2044595, at *2 (S.D.Cal. July 13, 2009); *Marks v. Ocwen Loan Servicing,* No. 07–2133, 2009 WL 975792, at *7 (N.D. Cal. Apr.10, 2009).   Because Plaintiff has not alleged facts that the Defendants were acting in their capacities as anything but the conventional lenders of money, Plaintiff has not alleged that Defendants owed Plaintiff a duty, and his negligence claim must be dismissed.

Plaintiff argues that "courts should not rely mechanically on the 'general rule' that lenders owe no duty."   (Dkt. No. 21, p. 12.)   This argument is premised on a case in which the court sought to emphasize the requirement that a lender "deal reasonably with borrowers in default to try to effectuate a workable loan modification, *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 903, 153 Cal. Rptr. 3d 546 (2013).   *Jolley* and the subsequent cases Plaintiff cites to support his allegations are distinguishable on the facts because Plaintiff's allegations have nothing to do with a loan modification.

Because Plaintiff has not plausibly alleged a duty or breach, Plaintiff has failed to state negligence and negligence per se claims for relief that are plausible on their face. Accordingly, Defendants' motion to dismiss Plaintiff's fifth cause of action is **GRANTED**.   Because Plaintiff's underlying causes of action for violation of Civil Code sections 2429.17 and 2923.55 were dismissed without prejudice, it is possible that Plaintiff can allege additional facts sufficient to raise claims for negligence and negligence per se.   As such, Plaintiff's fifth cause of action is dismissed without prejudice.

### G. Violation of California's Unfair Competition Law (Sixth Cause of Action)

Plaintiff's sixth claim for relief alleges violations of California Business and Professions Code section 17200, *et seq.*   (FAC, ¶¶ 73-76.)   The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."   Cal. Bus. & Prof. Code § 17200.   According to the California Supreme Court, the UCL "borrows" violations of other laws and treats them as unlawful

practices independently actionable under the UCL." *Farmers Ins. Exch. v. Superior Court,* 826 P.2d 730, 734 (Cal. 1992). A "defendant cannot be liable under section 17200 for committing 'unlawful business practices' without having violated another law." *Ingles v. Westwood One Broadcasting Servs., Inc.*, 129 Cal. App. 4th 1050, 1059, 28 Cal. Rptr. 3d 933 (2005).

Plaintiff's UCL claims are entirely predicated on causes of action for violations of Civil Code sections 2923.55, 2924(a)(6), and 2924.17(b); slander of title; and negligence. Because Plaintiff has failed to allege facts sufficient to raise claims for any of these causes of action, Plaintiff similarly fails to state a claim for a violation of the UCL. *See, e.g.*, *Rubio v. Capital One Bank (USA)*, 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008) (since plaintiff's underlying claim failed, plaintiff's UCL claim predicated on it likewise failed). Defendants' Motion to Dismiss Plaintiff's UCL claim is **GRANTED**. Because Plaintiff's underlying causes of action for violation of Civil Code sections 2429.17 and 2923.55, slander of title, and negligence were dismissed without prejudice, it is possible that Plaintiff can allege additional facts to raise a claim for a violation of the UCL. Accordingly, Plaintiff's sixth cause of action is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons articulated above, the Court **GRANTS** Defendants' Motion to Dismiss. (Dkt. No. 17). Plaintiff's first cause of action is dismissed with prejudice. Plaintiff's second through sixth causes of action are dismissed without prejudice.

Because the Court is dismissing Plaintiff's first amended complaint in its entirety, Defendants' motion to strike is **DENIED** as moot.

Plaintiff has fourteen (14) days from the day of this Order to file an amended complaint. Failure to file an amended complaint by the deadline will render this Order a dismissal of the action with prejudice and full adjudication on the merits of Plaintiff's claims against the moving Defendants.

The Scheduling Conference set for August 17, 2015 is hereby vacated.

**IT IS SO ORDERED**